# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 25-1574V

|  |  |
|---|---|
| PETER LEUNG,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 8, 2026 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On September 22, 2025, Peter Leung filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that an influenza ("flu") vaccine administered to him on August 26, 2024 caused him to suffer a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table (42 C.F.R. § 100.3). Petition at 1. Petitioner further alleges that he suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition at ¶¶ 9-10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On June 3, 2026, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent

> recommends that petitioner be found entitled to compensation for a Table SIRVA. Petitioner had no recent history of pain, inflammation, or dysfunction of his left shoulder prior to vaccination that would explain petitioner's post-vaccination symptoms; shoulder pain occurred within 48 hours after receipt of an intramuscular flu vaccination; shoulder pain and reduced range of motion were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. *See* 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10). Additionally, petitioner suffered the residual effects of his condition for more than six months. See 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the current record, petitioner has satisfied all requirements for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(A-B).

*Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

2